**FILED**
**Jul 12, 2019**
**12:36 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | |
|---|---|
| **DARNELL BURTON,** ) | **Docket No. 2018-08-1370** |
| **Employee,** ) | |
| **v.** ) | |
| **MEMPHIS LIGHT, GAS & WATER,** ) | **State File No. 96632-2017** |
| **Employer,** ) | |
| **and** ) | |
| **ABIGAIL HUDGENS, as** ) | |
| **ADMINISTRATOR of the BUREAU** ) | **Judge Deana Seymour** |
| **OF WORKERS' COMPENSATION,** ) | |
| **SUBSEQUENT INJURY AND** ) | |
| **VOCATIONAL RECOVERY FUND.** ) | |

---

## EXPEDITED HEARING ORDER

---

The Court convened an Expedited Hearing on July 10, 2019, to determine whether Memphis Light, Gas & Water should provide Darnell Burton additional medical benefits for complaints allegedly stemming from a work-related motor vehicle accident. MLGW argued it provided all benefits to which Mr. Burton is entitled and contended his current complaints are not primarily related to the accident. The Court holds Mr. Burton is not likely to prevail at trial regarding his claim for additional medical benefits at this time.

### History of Claim

Mr. Burton worked as an operator for MLGW. On December 14, 2017, he injured his right knee and low back following an accident in a company vehicle. MLGW provided a panel of physicians from which he chose Dr. F. Gregory Wolf.

Dr. Wolf treated Mr. Burton's right knee and back with medication, physical therapy, and epidural steroid injections. He ordered a lumbar MRI, which revealed no acute abnormalities but showed multilevel degenerative changes. On February 28, 2018, he released Mr. Burton at maximum medical improvement. According to Dr. Wolf, Mr.

1

Burton was "basically back to baseline" and retained no permanent impairment to his knee or back.

In August, Mr. Burton returned to Dr. Wolf with continued complaints of low-back pain. Dr. Wolf prescribed additional medication, placed Mr. Burton on restricted work duty, and instructed him to return in two weeks.

Before he returned, MLGW provided Dr. Wolf with medical records from Mr. Burton's primary care physician, which indicated that he complained of low-back pain and radiation into both legs since 2014. MLGW then asked Dr. Wolf whether Mr. Burton's December 14, 2017 work injury contributed more than fifty percent to his current symptoms. He said "no" and indicated a pre-existing condition, injury, or degenerative condition caused his complaints. MLGW denied further treatment based on this response, and Mr. Burton sought treatment on his own.

The treatment included additional physical therapy and epidural steroid injections from Dr. Andrew Crenshaw, whose October 4, 2018 office note indicated low-back and bilateral leg pain that began "a couple of years" before.

Later, Mr. Burton saw Dr. Keith Williams, who diagnosed chronic back pain. Dr. Williams noted that he mentioned back pain "throughout the years," which worsened after his December 14, 2017 motor vehicle accident. Another lumbar MRI showed multilevel foraminal stenosis, disc bulging and facet hypertrophy that caused mild L2-3 and moderate L3-4 central canal stenosis.

Mr. Burton asked the Court to order MLGW to provide additional medical treatment for his low back. He contended his symptoms worsened after Dr. Wolf released him to full duty and now they affect his ability to work. He argued the accident caused his condition and suggested the strenuous activities at work aggravated it.

MLGW argued it provided Mr. Burton with all benefits to which he is entitled. It relied on Dr. Wolf's opinion that Mr. Burton's current complaints were not primarily related to his work accident. It further claimed that Mr. Burton complained of low-back pain and radiation into his legs since 2014 but failed to mention those symptoms to Dr. Wolf.

**Findings of Fact and Conclusions of Law**

At an Expedited Hearing, Mr. Burton must provide sufficient evidence that he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Specifically, resolution of the present issue turns on whether Mr. Burton established that the accident or his physical work duties following his release to full duty primarily caused or

2

aggravated his lumbar spine condition and led to his current complaints.

To prevail, Mr. Burton must prove that his condition "arose primarily out of and in the course and scope of employment" or that he suffered an aggravation of a pre-existing condition that "arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A) (2018). An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed "more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). Medical evidence is generally required to establish a causal relationship, except in the most "obvious, simple [or] routine cases." *Berdnik v. Fairfield Glade Cmty. Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *10-11 (May 18, 2017).

To establish an aggravation of a pre-existing condition, Mr. Burton must present expert medical evidence that the work incident "contributed more than fifty percent" in causing his need for medical treatment of the pre-existing condition when considering all other potential causes. Tenn. Code Ann. § 50-6-102(14)(C)-(D); *Miller v. Lowe's Home Centers, Inc.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 40, at *13 (Oct. 21, 2015). The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians under § 50-6-204(a)(3), shall be presumed correct on the issue of causation, but this presumption shall be rebuttable by a preponderance of the evidence. Tenn. Code Ann. § 50-6-102(14)(E).

Applying these legal principles, Mr. Burton selected Dr. Wolf from MLGW's designated panel of physicians. According to Dr. Wolf, Mr. Burton's December 14, 2017 work injury did not contribute more than fifty percent to his current symptoms when considering all other potential causes. MRIs of Mr. Burton's lumbar spine revealed no acute abnormalities but showed multilevel degenerative changes. Moreover, medical records from his PCP indicate that he complained of low-back pain and radiation into both legs since 2014. While Mr. Burton argued he was able to perform his job duties without difficulty before his accident, he did not submit any medical evidence to oppose Dr. Wolf's opinion or to establish a work-related aggravation of a pre-existing condition causing his current symptoms.

For these reasons, Mr. Burton is not likely to prevail at a hearing on the merits on his request for additional medical benefits.

IT IS, THEREFORE, ORDERED as follows:

1.    Mr. Burton's request for medical benefits is denied at this time.

2.    This case is set for a telephonic Status Hearing on **August 26, 2019, at 9:30 a.m. Central Time.** You must call toll-free at 866-943-0014 to participate in the

hearing.


ENTERED July 12, 2019.


_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

APPENDIX

Technical record:

TR1.  Petition for Benefit Determination
TR2.  Dispute Certification Notice
TR3.  Show Cause Order
TR4.  Request for Expedited Hearing, with Mr. Burton's affidavit
TR5.  Transfer Order
TR6.  Order on Show Cause Hearing and Setting Expedited Hearing
TR7.  Employer's Response in Opposition to Employee's Request for Expedited Hearing

Exhibits:

1.     Employer's First Report of Work Injury
2.     Employee's Choice of Physician
3.     Wage Statement
4.     Medical records filed by Mr. Burton
5.     Medical records filed by MLGW
6.     Medical bills and prescription costs
7.     Dispute Certification Notice
8.     Automobile Accident Report
9.     Summary of Mr. Burton's December 16, 2017 statement
10.    Brake Inspection Report
11.    Tennessee Department of Safety & Homeland Security documents (Collective)
12.    City Court Clerk report
13.    MLGW's Response in Opposition to Employee's Request for Expedited Hearing, with attachments
14.    X-ray report dated July 8, 2014

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on July 12, 2019.

| Name | Certified Mail | Via U.S. Mail | Via Email | Service sent to: |
|---|---|---|---|---|
| Darnell Burton, Employee | X | X | X | 4816 Berrydale Ave. Memphis, TN 38118 darnellburton62@gmail.com |
| Sean Hunt, Employer's Attorney | | | X | sean@thehuntfirm.com |
| Timothy Kellum, SIF Attorney | | | X | timothy.kellum@tn.gov |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

### List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

   _____ Relationship: _____

   _____ Relationship: _____

   _____ Relationship: _____

   _____ Relationship: _____

6. I am employed by: _____

  My employer's address is: _____

  My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental   $ _____ per month

| | | | | | |
|---|---|---|---|---|---|
| Groceries | $ _____ per month | | Telephone | $ _____ per month |
| Electricity | $ _____ per month | | School Supplies | $ _____ per month |
| Water | $ _____ per month | | Clothing | $ _____ per month |
| Gas | $ _____ per month | | Child Care | $ _____ per month |
| Transportation | $ _____ per month | | Child Support | $ _____ per month |
| Car | $ _____ per month | | | |
| Other | $ _____ per month (describe: _____ ) | | | |

10. Assets:

| | | | |
|---|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

Amount Owed           To Whom

_____     _____

_____     _____

_____     _____

_____     _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____